**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>RAZER USA LTD.,<br><br>   Defendant. | Case No. 6:17-cv-00099-RWS |

## DEFENDANT RAZER USA LTD.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER FED. R. CIV. P. 12(b)(3)

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant Razer USA Ltd. ("Razer"), moves to dismiss Blue Spike LLC's ("Blue Spike") Complaint for improper venue.

Under the Supreme Court's *TC Heartland LLC v. Kraft Foods-Group Brand*, venue in a patent infringement case is only proper in: (1) the district where defendant is incorporated, or (2) a district where the defendant has a regular and established place of business and has committed acts of infringement. --- S.Ct. ---, Case No. 16-341, 2017 WL 2216934, at *3, 7-8 (May 22, 2017). Blue Spike's Complaint does not allege that either requirement for venue is satisfied in this district. Indeed, the Complaint's allegations actually show that venue in this district is improper, given the allegations that Razer is incorporated in Delaware with a principal place of business in San Francisco. [ECF No. 1, Complaint at ¶ 3.] Therefore, venue is not proper in this district and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3).

For purposes of venue, Blue Spike merely alleges:

> Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District. *See Luci Bags LLC v. Younique, LLC*, No. 4:16-CV-00377, 2017 WL 77943, at *3 (E.D. Tex. Jan. 9, 2017) ("For venue purposes, a defendant entity is deemed to reside in any judicial district where it would be subject to the court's personal jurisdiction with respect

1

to the civil action in question.") (citing 28 U.S.C. § 1391(c)(2)).  [ECF No. 1, Complaint at ¶ 7.]

However, the Supreme Court held in *TC Heartland* that personal jurisdiction over a defendant is not a basis for venue in that court's district.  2017 WL 2216934, at *6-7.  For this reason also, venue is not proper in this district and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3).

Because Blue Spike's Complaint fails to allege that venue is proper in this district under the standard set forth in *TC Heartland*, Razer respectfully requests that this Court dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3).

Dated:  June 8, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Ryan R. Smith*
Ryan R. Smith
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  650.849.3345
Facsimile:  650.493.6811
rsmith@wsgr.com

Attorneys for Defendant Razer USA, Ltd.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 8, 2017. Any other counsel of record will be served by facsimile transmission or by first class mail.

                                                              */s/ Ryan R. Smith*